UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TORRANCE CLARK** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-0190** |
| **JEFFERSON PARISH CORRECTIONAL CENTER, JEFFERSON PARISH SHERIFF'S OFFICE** | **SECTION "H"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**.

### I.    Factual Background

The plaintiff, Torrance Clark ("Clark"), a pre-trial detainee, was formerly incarcerated at the Jefferson Parish Correctional Center in Gretna, Louisiana. He filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the Jefferson Parish Sheriff's Office ("JPSO") and the Jefferson Parish Correctional Center. R. Doc. 1.

Clark alleges that he was kidnapped by the JPSO's deputies while washing his car in front of his house. *Id*. He alleges that they conducted an illegal search of his car, used his credit card to determine his identity, and then charged with failing to provide his identification. *Id*.

Clark also alleges that he was denied adequate medical care while housed at the Jefferson Parish Correctional Center. R. Doc. 1. He alleges that when he arrived at the jail, he told the nurse that he had to take daily medication for an undisclosed condition and that she refused to do so. *Id*. Clark alleges that he was placed in a holding cell for 48 hours before being called to take a

tuberculosis test which he refused. *Id*. He alleges that thereafter he was placed in the infirmary for seven days without the medication he needs and that as a result he had seizures while sleeping on a mattress on the floor of the infirmary on December 19 and 23, 2023. *Id*.

He was advised that "Creaon", the medication for his seizures, was too expensive for the jail to provide. R. Doc. 1. He also claims that the medical personnel failed to note his seizures in his medical records. *Id*. Clark alleges that since being incarcerated he has experienced three asthma attacks because the building is covered in toxic black mold. *Id*. He further alleges that he has been denied an asthma pump. *Id*. Clark therefore seeks $100,000 in compensatory damages, $100,000 in punitive damages, court costs, and an emergency injunction to stop the alleged violation of his constitutional rights. *Id*.

## II. Standard of Review for Frivolousness

Titles 28 U.S.C. § 1915(e), § 1915A and 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318, 323 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint. *See Seaberry v. Edwards*, No. 11-0066, 2011 U.S. Dist. LEXIS 31660, at *4 (E.D. La. Feb. 15, 2011).

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *see also Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably

meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quotation omitted). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *see Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *See Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see also Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III.   Jefferson Parish Correctional Center, Jefferson Parish Sheriff's Office

Clark filed suit against the Jefferson Parish Correctional Center and JPSO for damages arising out of his arrest. R. Doc. 1. He contends that these entities are responsible for his unlawful arrest and the conditions of his confinement. *Id*.

Clark brought this federal civil rights action pursuant to 42 U.S.C. § 1983, claiming that he was kidnapped by JPSO's deputies and incarcerated. R. Doc. 1. He alleges that once incarcerated he suffered seizures because they refused to provide him with the medication he needed and asthma attacks because of the buildings condition. *Id*. He therefore seeks damages against these defendants. *Id*.

Title 42 U.S.C. § 1983 provide that every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and

laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. However, Plaintiff's claim under 42 U.S.C. § 1983 fails for two reasons.

First, plaintiff has sued the Jefferson Parish Correctional Center. The Correctional Center is not a proper defendant. It is a building, not a "person" subject to suit under § 1983. *James v. Jefferson Parish Correctional Center*, Civ. Action No. 07–4231, 2008 WL 1927399, at *2 (E.D. La. Apr. 30, 2008); *see also Castillo v. Blanco,* Civ. Action No. 07–215, 2007 WL 2264285, at *4 (E.D. La. Aug. 1, 2007); *Martinez v. Larpenter,* Civ. Action No. 05–874, 2005 WL 3549524, at *5 (E.D. La. Nov. 1, 2005); *Cullen v. DuPage County*, No. 99–C–1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Correctional Facility Administration,* No. 99–CIV–0420(SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997); *Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D. Ill. Mar. 2, 1993); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D.N.C. Sept. 12, 1989); *Mitchell v. Chester County Farms Prison*, 426 F.Supp. 271, 274 (E.D. Pa. Dec. 30, 1976). A building is not an entity subject to suit.

Second, JPSO is simply not a legal entity capable of being sued. *See Cozzo v. Tangipahoa Parish Council–President Government*, 279 F.3d 273, 283 (5th Cir. 2002); *see also Haywood v. Gusman,* Civ. Action No. 06–3517, 2008 WL 516714, at *3 (E.D. La. Feb. 26, 2008); *Wetzel v. St. Tammany Parish Jail*, 610 F.Supp.2d 545, 548 (E.D. La. Mar. 5, 2009); *Smith v. St. Tammany Parish Sheriff's Office*, Civ. Action No. 07–3525, 2008 WL 347801, at *2 (E.D.La. Feb. 6, 2008); *Causey v. Parish of Tangipahoa*, 167 F.Supp.2d 898, 904 (E.D. La. Apr. 12, 2001); *Ruggiero v. Litchfield,* 700 F.Supp. 863, 865 (M.D. La. Sept. 13, 1988). Clark has not asserted any claims against the arresting deputies, nor has he alleged that any policy or practice resulted in harm to

him. R. Doc. 1. Therefore, Clark's claims against Jefferson Parish Correctional Center and Jefferson Parish Sheriff's Office are frivolous and subject to dismissal.

## IV.    Recommendation

It is therefore **RECOMMENDED** that Clark's 42 U.S.C. § 1983 complaint against the Jefferson Parish Sheriff's Office and Jefferson Parish Correctional Center be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e), § 1915A, and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14)** days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 27th day of March 2024.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**